IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHERYL SLADE, Individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESSIVE SECURITY INSURANCE COMPANY<br><br>    Defendant. | Case No. _____<br>Removed from Docket No. 20116556 L, 15th Judicial District Court, Lafayette Parish, Louisiana |

## DEFENDANT PROGRESSIVE SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Progressive Security Insurance Company ("Progressive") hereby removes this action from the 15th Judicial District Court, Lafayette Parish, Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may properly be removed to this Court:

1. Progressive has been sued in a civil action entitled *Cheryl Slade, Individually and on behalf of others similarly situated v. Progressive Security Insurance Company*, Docket No. 20116556 C, in the 15th Judicial District Court, Lafayette Parish, Louisiana (the "State Court Action").

2. Plaintiff filed her complaint on November 10, 2011 and served it on the Louisiana Secretary of State on November 18, 2011. Progressive received the complaint from the Louisiana Secretary of State on December 6, 2011. On November 29, 2011, Plaintiff filed a Motion to File First Supplemental and Amending Petition for Damages (the "Amended

Complaint"). On December 6, 2011, the state court granted Plaintiff's motion. Plaintiff served her Amended Complaint on the Louisiana Secretary of State on December 9, 2011. Progressive has not yet received a copy of the Amended Complaint from the Secretary of State.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Progressive has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### I. PROGRESSIVE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. As demonstrated by the papers attached as **Exhibit A**, Plaintiff served the complaint on the Louisiana Secretary of State on November 18, 2011, and Progressive received the complaint from the Secretary of State on December 6, 2011. Plaintiff served her Amended Complaint on the Louisiana Secretary of State on December 9, 2011, and Progressive has not yet received a copy of the Amended Complaint from the Secretary of State. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty days after "receipt by [Progressive], through service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."

5. As of the date of this removal, no proceedings have occurred in the 15th Judicial District Court, Lafayette Parish, Louisiana since Progressive was served with the complaint, other than Plaintiff's filing of the Amended Complaint. Progressive has not filed a responsive

pleading. Progressive hereby reserves all rights to assert any and all defenses. Progressive further reserves the right to amend or supplement this Notice of Removal.

6. Venue lies in the United States District Court for the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Western District of Louisiana. The 15th Judicial District Court, Lafayette Parish, Louisiana, is located within the Lafayette Division of the Western District of Louisiana. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served" on Progressive is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the 15th Judicial District Court, Lafayette Parish, Louisiana.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

9. As set forth below, this is a putative class action in which: (1) there are 100 or more members of the alleged class; (2) members of the proposed class are citizens of different states than Progressive; and (3) based upon the allegations in the complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of

interest and costs. Accordingly, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. The Proposed Class Consists of More Than 100 Members.

10. Plaintiff purports to seek damages on behalf of an alleged class including "all past and present Progressive Security Insurance Company policyholders who have made property damage claims against their policy for the total loss of a vehicle and had those claims undervalued through the use of the Mitchell Vehicle Valuation Report system and/or other unfair valuation Softwares used by Progressive." Am. Compl. ¶ 19.

11. Progressive Security Insurance Company has used the Mitchell Vehicle Valuation Report (the "Mitchell Software") in adjusting approximately 5,579 vehicles involved in total loss property damage claims in Louisiana to date in 2011.[1] Decl. of John D. Retton ("Retton Decl.") ¶ 4 (attached as **Ex. B**).

12. Accordingly, the aggregate number of members of the alleged class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. Minimal Diversity Exists.

13. Original federal jurisdiction exists under CAFA when, among other things, the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*. . . . ) (emphasis added).

---

[1] Progressive need not and does not concede that it "undervalued" these claims by using the Mitchell Tool, or that the Mitchell Tool is "unfair," as Plaintiff alleges. Am. Compl. ¶ 19.

14. Progressive Security Insurance Company is, and was at the time it received the complaint, a corporation duly organized and validly existing under the laws of the Louisiana, which maintains its principal place of business in Louisiana. Decl. of Michael R. Uth ("Uth Decl.) ¶ 4 (attached as **Ex. C**). Progressive, therefore, is a citizen of Louisiana.

15. Based upon the allegations of the complaint, "the class consists of numerous policy holders who are located throughout the State of Louisiana and the United States." *See* Am. Compl. ¶ 20.

16. Because at least one member of the putative class is diverse from Progressive, therefore, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

**C.   The Amount-in-Controversy Exceeds $5 Million.**

17. This action arises out of Progressive's use of the Mitchell Software to value property damage claims submitted by insureds for the total loss of vehicles. Am. Compl. ¶ 13. Plaintiff alleges that Progressive uses the Mitchell Software "to intentionally undervalue the vehicles and to defraud its policyholders." *Id.* Plaintiff also alleges that by using the Mitchell Software and "refus[ing] to accept or pay the actual value of the vehicle as determined not only by the NADA Book value, Kelley Blue Book value, but the retail value generally accepted in the public," Progressive breached "the terms and conditions of its policy with the plaintiff and other similarly situated policy holders." Compl. ¶ 16. In addition, Plaintiff alleges that Progressive's use of the Mitchell Software violates its "duty to adjust claims fairly under the requirement of LSA-R.S. 22:1892 (formerly R.S. 22:658) and/or LSA-R.S. 22:1220. . . ." *Id.* ¶ 17.

18. Plaintiff alleges that Progressive undervalued her claim because its valuation, based on the Mitchell Software, was approximately $5,100, while the "NADA Valuation Reports and Kelly Blue Book Valuation reports" valued her claim at approximately $8,000. *See* Compl. ¶ 9, Am. Compl. ¶ 10.

19. Plaintiff alleges that she is entitled to recover "the difference between the amount tendered by Progressive and the fair market value of the vehicle." Compl. ¶ 18. According to Plaintiff's allegations, this amount total approximately $2,900. *See* Am. Compl. ¶ 10. In addition, Plaintiff seeks penalties pursuant to LSA-R.S. 22:1220 (renumbered LSA-R.S. 22:1973). Under LSA-R.S. 22:1220, [i]n addition to any general or special damages to which [she] is entitled," a plaintiff may recover "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Plaintiff, therefore, alleges that she can recover up to $5,000 for her individual claim.

20. Plaintiff alleges that her claims are typical of the putative class members' claims. Compl. ¶ 22.

21. Based on the relief Plaintiff seeks and the number of Louisiana insureds whose property damage claims for total loss of vehicles using the Mitchell Software to date in 2011, the amount in controversy for the alleged class members' claims exceeds $5 million, exclusive of costs and interest, and the amount in controversy requirement under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

22. According to Plaintiff, the amount in controversy with respect to her individual claim is $5,000, and her individual claim is typical of the putative class members' claims. *See*

Compl. ¶¶ 9, 22, Amend. Compl. ¶ 10. Progressive has used the Mitchell Software in adjusting approximately 5,579 vehicles involved in total loss property damage claims in Louisiana to date in 2011. Retton Decl. ¶ 4. Accordingly, the aggregate amount in controversy in this putative class action far exceeds $5 million. If, as Plaintiff alleges, the putative class members' purported damages are similar to Plaintiff's alleged individual damages, then the amount in controversy in this action is at least $27,895,000 million, exclusive of costs and interest ($5,000 x 5,579).

23. Accordingly, the preponderance of the evidence shows that the alleged class damages exceed the jurisdictional minimum, and Plaintiffs cannot show, to a legal certainty, that the alleged damages do not exceed $5 million. *See de Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (holding that removing party must demonstrate that federal jurisdiction exists by preponderance of the evidence).[2]

24. While Progressive believes that class certification is not appropriate in this action and that it will prevail on the merits of Plaintiff's claims, it has a good-faith belief based on Plaintiff's allegations that the amount in controversy in this matter (including alleged compensatory damages, penalties, and attorneys' fees), exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).

---

[2] The Fifth Circuit has held that, in construing CAFA, courts should apply pre-CAFA law except to the extent it was expressly altered by CAFA. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 809 (5th Cir. 2007) (holding that courts should consider pre-CAFA law in determining the burden of proof with respect to CAFA exceptions); *Frazier v. Pioneer Ams., LLC*, 455 F.3d 542, 547 (5th Cir. 2006) (refusing to give the term "citizen" a different meaning under CAFA than under the traditional diversity jurisdiction statute).

## III. CONCLUSION

25. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

26. Moreover, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any remaining claims of the putative class members. 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S. Ct. 2611, 2625 (2005).

27. In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Progressive will notify Plaintiff in writing of the Notice of Removal and file a copy of this Notice of Removal with the Clerk of the 15th Judicial District Court of Lafayette Parish, Louisiana.

WHEREFORE, Progressive respectfully request that this action be removed from the 15th Judicial District Court of Lafayette Parish, Louisiana, to the United States District Court for the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).

Respectfully submitted this 16th day of December, 2011.

/s/ *William B. Gaudet*

William B. Gaudet
Louisiana Bar No. 1374
ADAMS & REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana  70139

**Counsel for Progressive Security Insurance Company**

*Of Counsel:*

Jeffrey S. Cashdan*
Zachary A. McEntyre*
Skyler G. McDonald*
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4600
(404) 572-5100 (fax)

*\*pro hac vice* motion forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing **DEFENDANT PROGRESSIVE SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL** to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I mailed the foregoing document by first-class mail to the following:

> Kenneth D. St. Pé
> GUILLIOT & ST. PÉ, LLC
> 428 Jefferson Street
> Lafayette, Louisiana  70501

> ATTORNEY FOR PLAINTIFF

This 16th day of December, 2011.

/s/ *William B. Gaudet*
_____
William B. Gaudet

DMSLIBRARY01-17883093.2