# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Slade | Civil Action No. 6:11-CV-2164 |
| versus | Judge Rebecca F. Doherty |
| Progressive Security Insurance Co | Magistrate Judge Carol B. Whitehurst |

## ORDER

Pending before the Court on referral from the District Judge, is a Memorandum Of Facts And Law Regarding Issue Remanded By The U.S. Fifth Circuit Court Of Appeals filed by Plaintiff Cheryl Slade, individually and on behalf of others similarly situated [Rec. Doc. 151], an Opposition Memorandum filed by Defendant Progressive Security Insurance Company ("Progressive") [Rec. Doc. 155] and Plaintiffs' Reply thereto [Rec. Doc. 158].

### *I. Factual And Procedural Background*

Plaintiffs originally filed this class action lawsuit on November 10, 2011, in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana. In their Complaint, Plaintiffs allege that Progressive's use of the Mitchell Work Center Total Loss (WCTL) system to determine the base value of first party motor vehicle total loss claims violates the requirement of La. R.S. 22:1892 B(5) that the insurer pay "the retail cost as determined from a generally recognized used motor vehicle industry source." Plaintiffs claim that Progressive's unlawful use of WCTL, instead of lawful

sources such as the National Automobile Dealers Association (NADA) Guidebook or the Kelly Blue Book (KBB), resulted in significant underpayments on their insurance claims. Plaintiff's suit seeks to recover those underpayments.

The action was removed to this Court on December 16, 2011. Plaintiffs moved for class certification and an evidentiary hearing on class certification was held on September 16, 2014. At the hearing, Plaintiffs contended that damages can be calculated by replacing Defendant's allegedly unlawful WCTL base value with a lawful base value, derived from either NADA or KBB, and then adjusting that new base value using Defendant's current system for condition adjustment. Plaintiffs also contended that such a calculation can be done on a class-wide basis because Defendant already possesses NADA scores for most of the class, NADA or KBB scores are otherwise publicly available, and Defendant already had condition scores for each vehicle. Plaintiffs' damages expert opined that she could apply Defendant's condition determination to Defendant's NADA scores or publicly available NADA or KBB data. By rerunning Defendant's calculation of actual case value with a lawful base value—NADA or KBB—the resulting damages would be isolated to the allegedly unlawful based value. Because Defendant's condition adjustment was made in a separate and unrelated step from the calculation of base value, the Defendant's own condition adjustment scores could be used to adjust the base values derived from

NADA or KBB. The Court[1] issued a written ruling finding that class certification was proper.

Progressive appealed the ruling to the Fifth Circuit Court of Appeals. Based on Plaintiff's argument, the Fifth Circuit held that "Plaintiffs' damages methodology does not preclude class treatment." *Slade v. Progressive Security Insurance Company*, 856 F.3d 408, 411 (5th Cir. 2017). The court noted, however, that counsel for Progressive had suggested at oral argument that the class representative was not adequate because the representative had purportedly waived potential challenges to the individual condition determination of Progressive adjusters. On May 9, 2017, the Fifth Circuit issued its opinion remanding the matter to this Court to address the waiver issue raised by Progressive's counsel at oral argument.[2]

The Court conducted a hearing with oral argument on September 26, 2017 on the parties' Memoranda in response to the Fifth Circuit's Judgment. *R. 162.*

## *II. Discussion*

In its Judgment, the Fifth Circuit stated that the fact that Plaintiffs challenged only the base value calculation and did not challenge the "condition adjustments"

---

[1] At that time, the case was assigned to retired District Judge Richard T. Haik, Sr.

[2] The Fifth Circuit also reversed a March 5, 2013 ruling by Judge Haik allowing certification of Plaintiff's fraud claims, *R. 44, R. 46*, which need not be addressed by this Court.

3

made by Defendant's adjusters, they "may have resolved [Rule 23(b)(3)'s] predominance problem." However, the Fifth Circuit warned, "resolving the predominance problem with a waiver of claims raises a separate potential bar to class certification—adequacy." *Id.* at 412.

The court explained why Defendant expressly couched its waiver argument as an attack on purported conflict of interest rather than predominance,

> Adequacy encompasses three separate but related inquiries (1) "the zeal and competence of the representative[s'] counsel"; (2) "the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees"; and (3) the risk of "conflicts of interest between the named plaintiffs and the class they seek to represent." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (quoting *Berger v. Compaq Comp.Corp.*, 279 F.3d 313, 313–14 (5th Cir. 2002)). When the class representative proposes waiving some of the class's claims, the decision risks creating an irreconcilable conflict of interest with the class. *See, e.g., Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830–31 (7th Cir. 2011) ("A representative can't throw away what could be a major component of the class's recovery.").

*Id.* Regardless, the court noted that deciding whether a class representative's decision to forgo certain claims defeats adequacy requires an inquiry into: "(1) the risk that unnamed class members will forfeit their right to pursue the waived claim in future litigation, (2) the value of the waived claim, and (3) the strategic value of the waiver,

4

which can include the value of proceeding as a class (if the waiver is key to certification)." *Id.* at 413 (citations omitted).

Because this Court did not have an opportunity to weigh the value of the potentially waived claim against the strategic value of the waiver, the issue was remanded. In particular, the court stated that "on remand, the district court can consider the risk of preclusion, the value of the potentially waived claims, and the relative strategic value of Plaintiffs' proffered waiver." *Id.* at 415. The court instructed that this Court has "options" which, depending on how the case develops may or may not be appropriate, include: (1) Concluding the risks of preclusion are too great and declining to certify the class; (2) Certifying the class as is and then tailoring the notice and op-out procedure to alert the class and the risk of preclusion; (3) Concluding that the benefits of proceeding as a class outweigh the risks of future preclusion and certifying the class as is; or (4) Defining the class in a way to exclude unnamed plaintiffs who may quarrel with the condition adjustment. *Id.*

Here, Plaintiffs contend that any speculative recovery from a challenge to the adjusters' condition determinations would be worth only a small faction of the statutory claims that are being asserted on behalf of the class. In the event this Court finds that some action is necessary to preserve potential individual condition adjustment challenges of absent class members, Plaintiffs maintain, in the alternative,

5

that either tailoring notice to advise class members of the possibility of issue preclusion, or tailoring the class definition to exclude class members who have a quarrel with the condition adjustment, would be preferable to "throwing the class action baby out with the claim preclusion bathwater."

Defendant argues that certifying this action would risk the purported class members from litigating potentially valuable condition-adjustment claims in the future. They contend that there is no difference between a claim that Progressive "undervalued" a total loss vehicle by using an allegedly artificially low "base" value and a claim that Progressive "undervalued" a total loss vehicle by improperly discounting the value based on the vehicle condition. In essence, Defendant attempts to morph base value and condition determination, the two issues distinguished and discussed by Plaintiffs—and more importantly by the Fifth Circuit—into the same argument. They maintain that the notice and opt-out mechanism would be insufficient.

Upon considering the parties' memoranda and the parties oral arguments, as well as the Fifth Circuit's directive to take into account "the risk of preclusion, the value of the potentially waived claims, and the relative strategic value of Plaintiffs' proffered waiver," the Court finds that option number 2, above, is appropriate in this case. Therefore, the prerequisites for class certification pursuant to Rule 23 are

satisfied and the Court's class action certification remains unchanged. The Court will order that the parties meet and confer in good faith in an attempt to draft by mutual agreement regarding a proposed notice and op-out procedure adequate to alert the class to the risk of preclusion.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the prerequisites for class certification are satisfied pursuant to Federal Rule of Civil Procedure 23;

**IT IS FURTHER ORDERED** the parties meet, confer, and thereafter submit to the Court a joint proposal of notice and op-out procedure no later than October 24, 2017. If the parties are unable to agree on the proposed notice and/or op-out procedure, the parties shall file the appropriate motion(s) with their objections no later than October 31, 2017.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 2nd day of October, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**