# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **Slade** | **Case No. 11-CV-02164** |
| **Versus** | **Judge Dee D. Drell** |
| **Progressive Security Insurance** | **Magistrate Judge Carol B. Whitehurst** |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is Non-Party Movant, Rachel Curtis's ("Curtis"), Motion to Intervene for limited Purpose of Seeking Modification of Protective Order [Rec. Doc. 186], Defendant's Opposition [Rec. Doc. 188] and Curtis's Reply [Rec. Doc. 194]. For the reasons that follow the Court recommend that the motion be denied.

## I. BACKGROUND

Plaintiff, Cheryl Slade, individually and on behalf of others similarly situated, filed this action alleging that Progressive Security Insurance's ("Progressive Security") use of the Mitchell Vehicle Valuation Report/WorkCenter Total Loss System ("WCTL") ("Mitchell system") in Louisiana violates La. Rev. Stat. 22:1892, a Louisiana statute requiring use of a "generally recognized used motor vehicle source" to value total loss claims. Specifically, Plaintiff alleges that Progressive

Security unlawfully used the Mitchell system to calculate the base value of total loss vehicles instead of lawful sources such as the National Automobile Dealers Association (NADA) Guidebook or the Kelly Blue Book (KBB).

Curtis filed a lawsuit in Oklahoma, currently pending in the Western District of Oklahoma, in which she alleges claims on behalf of herself and a class of Oklahoma insureds and against Progressive Northern Insurance Company ("Progressive Northern") for breach of contract, bad faith, fraud and unjust enrichment by undervaluing total loss payment under the Progressive policies of insurance. Curtis contends her claims in the Oklahoma suit are related to Progressive's use of the Mitchell system and the manner in which the system operates to locate and value total loss vehicles. Curtis moves the Court to allow her leave to intervene in this action under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, in order to modify the Protective Order entered into on August 2, 2013 by agreement of the parties and allow her to gain access to discovery materials in this action. *R*. 60. In particular, Curtis seeks to promote "judicial economy" by securing the depositions and exhibits taken by the parties in this action, of (1) Sunil Nayak, Mitchell International Senior Director of Product Management; (2) John Retton, a Claims Process Director with Progressive and Progressive's Rule 30(b)(6) representative in this case; (3) Elizabeth Hartel, Direct of CRM Process at

2

Progressive; and, (4) Professor Arnold Barnett, a non-retained expert who prepared a report or prospectus for use by Mitchell International as a marketing tool.

Defendant, Progressive Security, opposes Curtis's motion primarily arguing that neither the facts or the legal issues in Curtis's case overlap with the facts or legal issues in this case—the application of Louisiana law to a 2011 dispute, while Curtis's case applies Oklahoma law to a 2017 dispute. Defendant further argues the Court should deny Curtis's motion because private litigants may seek discovery in their own cases, such a practice would undermine the effectiveness of protective orders, and ruling otherwise would flood courts with all manner of collateral discovery disputes untied to the merits of the cases at hand.

## II. LEGAL ANALYSIS

Federal Rule of Civil Procedure 24(b) governs permissive intervention and provides that "[o]n timely motion, the court may permit anyone to intervene who: ... (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "If the would-be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, intervention ... must be denied." *See Aetna Insurance Co. v. Seidenberg*, 1996 WL 537743, *2 (E.D.La. Sept. 20, 1996); 7C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1911 p. 358. Permissive intervention is a matter "wholly discretionary with the [district] court ... even though there is a

common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984). The inquiry then becomes whether Curtis asserts a clam or defense involving a common question of law or fact with the instant action, and if so, do the circumstances support the Court's exercise of its discretion to allow Curtis to intervene. Common Question of Law or Fact, 7C Fed. Prac. & Proc. Civ. § 1911 (3d ed.).

   1. *Whether The Actions Share a Common Question of Law or Fact*

Defendant argues that the questions of fact in Curtis's case are distinguishable from Slade's allegations in this case: (1) Curtis's case involves only Oklahoma residents while Slade's action involves Louisiana residents; (2) Curtis is the name insured on a policy issued by Progressive Northern; while Slade is the holder of a Progressive Security policy; (3) Curtis submitted total loss claims in June and July of 2017 while Slade submitted a total loss claim in November 2011; (4) Curtis alleges Progressive Northern improperly selected comparison vehicles and improperly applied a projected sold adjustment to the list price of the comparison while Slade alleges that Progressive Security should have used another method to value vehicles because WCTL is not authorized under Louisiana law.

While these distinctions are considerable, the Court finds more significant the fact that the challenges to the methodology in Curtis's case and Slade's case are

4

entirely different because each is governed exclusively by state law. The Louisiana law in this case, La. R. S. § 22:1892 states that actual cash value must be determined "from a generally recognized used motor vehicle industry source"─requiring Progressive Security to use NADA or KBB. The Oklahoma statute in Curtis's case, 36 Okla. Stat. § 1250.8, states that insurers may determine actual cash value using "the cost of a comparable motor vehicle in the local market area when a comparable motor vehicle is currently or recently available in the prior ninety (90) days." It also contains a catch-all provision that allows for deviation from prescribed actual cash value determination methods where any deductions from cost are "measurable, discernible, itemized and specified as to dollar amount and . . . appropriate in amount." As Curtis does not contend that Progressive Northern is required to use NADA or KBB, which Slade asserts here, resolution of one issue would have no bearing on the other.

2. *Whether the Court Should Allow Intervention*

Curtis cites *Newby v. Enron Corp.*, 443 F. 3d 416 (5th Cir. 2006), in support of her motion to modify the protective order in this case in order to gain access to discovery materials that she contends are common to the claims and facts in her lawsuit in Oklahoma. In *Newby*, the Texas Board of Public Accountancy—the entity responsible for regulating accounting firms in the state of Texas—sought to access records produced in the Enron litigation on the basis that the Board was

5

"investigating alleged audit failures that may have led to Enron's collapse." *Id.* at 422. Enron's auditor, Arthur Andersen objected to the Board's request and appealed the district court's order granting the Board's motion for intervention. Finding that "Texas granted the Board [of Public Accountancy] broad powers of investigation to oversee the public interest in maintaining high standards of competence and integrity in the practice of public accountancy," the Fifth Circuit held that the district court did not abuse its discretion in allowing the Board to access documents produced in the Enron litigation. *Id.* at 424.

Defendant argues that the situation in *Newby* is nothing like the situation in this case. It further argues that unlike the Board in *Newby*, Curtis does not (and cannot) purport to be advancing some broader public virtue by her request. "To the contrary, Curtis asks that the Court amend the protective order so that she alone may view the materials at issue." R. 188, pp. 5-6. Thus Defendant asserts, Curtis cannot meet the requirement of Rule 24(b) because her purpose is solely to obtain discovery, which is not a proper ground for intervention. In particular, Defendant contends that providing Curtis with the requested discovery would not aid judicial economy because she does not seek the discovery *in lieu* of discovery in her own case, it is requested *in addition* to her own discovery. Defendant represents that Curtis has previously issued discovery requests to Progressive Northern as well as a subpoena to Mitchell International, Inc. seeking "many of the same documents at issue here."

*Id.* at p. 6. It further represents that counsel for Curtis has given no indication he would forgo taking the depositions of the individuals sought.

Defendant cites *Deus v. Allstate Ins. Co*., 15 F.3d 506 (5th Cir.1994) for the Fifth Circuit's position that "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Id.* at 525–26 (denying the motion to intervene where "[t]he only purpose of the attempted intervention was to gain access to documents and testimony that are subject to [a] protective order"). In *Deus* the Fifth Circuit observed that the purpose of Rule 24(b) is "to prevent multiple lawsuits where common questions of law or fact are involved but is not intended to allow the creation of whole new suits by the intervenors." *Id.*, 15 F.3d at 525.

While this Court finds that Curtis's lawsuit does not share common question of law or fact with this lawsuit, even assuming *arguendo* that they do, the circumstances surrounding Curtis's motion do not support the Court's exercise of its discretion to allow Curtis to intervene.

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that Non-Party Movant, Rachel Curtis's, Motion to Intervene for Limited Purpose of Seeking Modification of Protective Order [Rec. Doc. 186] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED on this 6th day of August, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE