UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHERYL SLADE, Individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 6:11-cv-02164 |
| v. | )<br>) Judge Michael J. Juneau |
| PROGRESSIVE SECURITY INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendant. | ) |

## FINAL APPROVAL ORDER

Plaintiffs, on their own behalf and on behalf of all others similarly situated, submitted to the Court an Unopposed Motion for Final Approval of the Class Action Settlement, Rec. Doc. 340, wherein they sought final approval of the Settlement Agreement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendant, Progressive Security Insurance Company ("Progressive Security").

On March 4, 2021, this Court entered an Order that preliminarily approved the Agreement and authorized dissemination of notice of the Settlement ("Preliminary Approval Order"). Rec. Doc. 337. Due and adequate notice having been given to the Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, having held a final Fairness Hearing, and otherwise being fully informed of the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  This Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court previously certified this matter as a class action on behalf of: All named Louisiana Progressive Security insured who received payment for total loss motor vehicles located in the State of Louisiana, under the terms of their collision automobile insurance policy with Progressive Security Insurance, utilizing Mitchell WorkCenter Total Loss (WCTL) system, from July 1, 2010 to June 24, 2019 (the "Class").

3. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Class.

4. Based on the evidence in the record, as well as the evidence and testimony presented at the final Fairness Hearing on July 9, 2021, having considered the requirements for approval set forth in Fed. R. Civ. P. 23(e) and the factors discussed by the Fifth Circuit in *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), and for reasons orally assigned at the Fairness Hearing, the Court finds that the Settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate and in the best interest of the Class Members, especially in light of the benefits to Class Members; the strength of the Parties' claims and defenses; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. Accordingly, the Motion is **GRANTED**, and the Settlement Agreement is **FINALLY APPROVED**.

5. This Court hereby **DISMISSES WITH PREJUDICE** the Action without costs to any party, except as otherwise provided herein (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

6. Members of the Class had the right to exclude themselves by way of the opt-out procedures set forth in the Preliminary Approval Order. Excluded from the Class are those persons who validly and timely requested exclusion from the Class by way of the opt-out procedure, as identified by the listing of names of the Class Members who submitted valid requests for exclusion

from the Class filed by Class Counsel (the "Opt-Outs"). *See* Rec. Doc. 339.

7. Pursuant to the Court's Preliminary Approval order, the approved Notice was sent to the Class Members via direct U.S. mail. The form and method for notifying the Class Members of the Settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Due Process, and constituted the best notice practicable under the circumstances. The Court further finds that the Notice Plan was clearly designed to advise the Class Members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the Action and Settlement.

8. The Released Parties include Progressive Security and its current and former, direct and indirect parents, subsidiaries, affiliates, insurers, directors, officers, shareholders, employees, agents and representatives.

9. The Named Plaintiffs and each Class Member, as well as their respective predecessors and successors, agents, attorneys, insurers, heirs, executors, administrators, devisees, representatives, assigns and all such persons or entities acting on behalf of or through any of them in any capacity whatsoever, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in the Agreement.

10. Class Members, and any person or entity allegedly acting on behalf of Class Members, either directly, representatively or in any other capacity, are hereby **ENJOINED** from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

11. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the

Settlement and the disposition of the Settlement Fund. Class Counsel are to continue in their role to oversee all aspects of the Agreement and Settlement. Upon notice to Class Counsel, Defendant may seek from this Court such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

12. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and released delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 9th day of July, 2021

MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE